**Jaroslav HRUBEC, Plaintiff,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. 93 Civ. 750 (KC).**

United States District Court, S.D. New York.

Aug. 6, 1993.

Jaroslave Hrubec, pro se.

Diogenes Ketatos, Asst. U.S. Atty., New York City, for defendant.

## ORDER

CONBOY, District Judge:

The plaintiff *pro se*, Jaroslav Hrubec, is suing the Immigration and Naturalization Service ("INS"), William Slattery ("Slattery"), District Director of the INS's New York District, and Charles Sava ("Sava"), former District Director of the INS's New York District, in their official capacities, to recover the value of a $10,000 delivery bond and $1,000,000 in punitive damages. The defendants have moved to dismiss Hrubec's complaint on two grounds: (1) that this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), because the plaintiff has failed to exhaust administrative remedies, and (2) that the plaintiff has failed to state a claim upon which relief can be granted according to Federal Rule 12(b)(6). For the reasons that follow, defendants' 12(b)(1) motion to dismiss is granted.

## Background

The plaintiff, a native of Czechoslovakia, immigrated to the United States in April of 1980. In April of 1985, Hrubec was convicted in the United States District Court for the Eastern District of New York on four counts of drug violations. The Court sentenced Hrubec to payment of a fine of $2,500, three concurrent terms of seven years' imprisonment, and ten years of special parole. (*See* Declaration of F. James Loprest ("Loprest Decl."), Exhibit ("Ex.") 2 at 1).

In June of 1989, an immigration judge found Hrubec deportable pursuant to Section 241(a)(11) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1251(a)(11) (1988) (amended and recodified as 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. III 1991)), and denied his applications for asylum and waiver of inadmissibility pursuant to sections 208 and 212(c) of the Act, 8 U.S.C. §§ 1158 and 1182(c), respectively, but granted his application for withholding of deportation to Czechoslovakia under section 243(h) of the Act, 8 U.S.C. § 1253(h). Hrubec appealed the finding of deportability and the denial of the applications for asylum and waiver of inadmissibility to the Board of Immigration Appeals ("BIA").[1]

On September 19, 1989, while his appeal was pending with the BIA, Hrubec posted a $10,000 cash bond with the INS at its detention facility in Oakdale, Louisiana, pursuant to an order of supervision. Under the bond, Hrubec was both the obligor and the alien subject to delivery. Under regulations promulgated to enforce the Act, only "[s]ubstantial performance of all conditions imposed by the terms of [the] bond" would permit Hrubec's release from liability. 8 C.F.R. § 103.-6(c)(3) (1993). Under the order of supervision, Hrubec agreed to inform the INS of any change in his address within 48 hours of such a change. *See* Loprest Decl., Ex. 1 at 3.

On August 27, 1991 the District Director of INS determined that Hrubec had failed to notify the INS of his change of address within the prescribed period, and therefore, that he had breached the terms of his bond, and could not recover its value. On July 11, 1991, the BIA denied Hrubec's appeal and ordered that he be deported. *See* Loprest Decl., Ex. 1 at 1. On December 2, 1992 Hrubec filed this action to recover his bond with interest along with $1,000,000 in punitive damages.[2]

## Discussion

▪▪▪ When deciding a motion to dismiss, the Court must interpret the facts in the light most favorable to the non-moving party. *See Pross v. Katz*, 784 F.2d 455, 457 (2d

---

1. Additionally, the INS appealed the grant of withholding of deportation. The BIA sustained this appeal.

2. In his original complaint Hrubec requested $500,000 in punitive damages. Pursuant to an Order of this Court on August 2, 1993, however, the plaintiff amended his complaint and increased the punitive damage amount to $1,000,-000.

Cir.1986). Furthermore, the Court must construe a *pro se* plaintiff's complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980).

■ The subject matter jurisdiction of this Court with respect to determinations of the INS is discretionary. *See Ciniglio v. Thornburgh*, 1991 WL 276081, 2 (E.D.La.) (administrative review of INS determinations is not statutorily mandated and therefore subject matter jurisdiction is subject to the courts "sole discretion"). *See also Stuyvesant Ins. Co. v. Dist. Dir., I.N.S., U.S.D. of Jus.*, 407 F.Supp. 1200, 1203 (N.D.Ill.1975) ("none of these sections [of U.S.C.] expressly precludes judicial review of breach declarations or commits them solely to agency discretion.") When the appeal focuses on claims that are "inherently legal," a court can bypass agency review and evaluate the District Director's decision *de novo*. *See id.* at 1204. When the appeal, however, primarily concerns questions of fact, it is more appropriate for the agency to review the decision. *See id.* at 1205. In such cases, the administrative agency has a strong interest in making its own factual record, a factor that in some cases may outweigh the litigant's need for judicial resolution. *See Ciniglio*, 1991 WL 276081 at 2, *citing Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496 (9th Cir.1980).

■ In the instant case, the primary question is whether or not Hrubec "substantially" complied with the terms of his bond in accordance with 8 C.F.R. § 103.6(c)(3). Making this determination requires consideration of "such factors as the extent of breach, whether it was intentional or accidental on the part of the alien, whether it was in good faith and whether the alien took steps to make amends or put himself in compliance." *International Fidelity Ins. Co. v. Crosland*, 490 F.Supp. 446, 448 (S.D.N.Y.1980). Such an analysis is a factual determination that requires agency expertise. *See id.; Stuyvesant*, 407 F.Supp. at 1205. Therefore, it is more appropriate for the INS's Administrative Appeals Unit (the "AAU"), rather than a

federal court, to review the District Director's breach determination. Accordingly, we grant defendants motion to dismiss for lack of subject matter jurisdiction.

■ The defendants also assert, however, that "the deadline for Hrubec to appeal to the AAU has passed [and] he cannot now have the AAU consider his case." Government's Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint and in Support of its Cross–Motion to Dismiss the Complaint ("Government's Memo"), at 11. We disagree. According to the Title 8 of the Code of Federal Regulations (the "Code"), the District Director of the INS "shall notify the obligor on Form I–323 or Form I–391 of the [breach] decision ... and of the right to appeal in accordance with the provisions of this part." 8 CFR § 103.6(e). Furthermore, the Code provides that an "affected party shall file [his] complete appeal including any supporting brief with the office where the unfavorable decision was made within 30 days after service of the decision." 8 CFR § 103.3(a)(2)(i). Within 45 days of receiving such appeal, the reviewing official may reopen the original decision and take favorable action or may forward the appeal to the AAU in Washington, D.C. *See* 8 CFR § 103.3(a)(2)(iii) and (iv).

In his reply, the plaintiff states that he never received notice of the District Director's determination and therefore he was unaware of either his opportunity to appeal this determination or of the time frame within which he could have done so. *See* Plaintiff's Reply to Government's Opposition to Plaintiff's Motion to Amend Complaint and Motion to Dismiss ("Plaintiff's Reply"), at 2–3. Indeed, the defendants have not provided any proof that such notice was served upon the plaintiff or that they even tried to send such notice.[3] Therefore, despite the expiration of the 30 day period in which the plaintiff could have filed his appeal, his failure to receive notice of this opportunity requires the Court to make such an opportunity available to him now. Accordingly, as of the date

---

**3.** Given the bond condition, that plaintiff must notify the INS of his change of address, it is possible that a breach of this term might result in the plaintiff's failure to receive a notification that

was duly sent. In this case, however, the defendants have not made any argument or presented any documentation that they attempted to provide the plaintiff with such notice.

of this Order the plaintiff will have 30 days to file his appeal with the INS as specified in 8 CFR § 103.3(a)(2)(i).

### Conclusion

In sum, the defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted. The plaintiff, however, will have 30 days from the date of this Order to appeal the District Director's August 27, 1991 determination of breach. Because we are dismissing this case on jurisdictional grounds, we do not rule on defendants' 12(b)(6) motion on whether or not the plaintiff is entitled to punitive damages.

SO ORDERED.